**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Francisco AVILA–COTA, a.k.a. Francisco Avila, a.k.a. Francisco Avila–Cota, a.k.a. Jose F. Avila–Cota, Defendant–Appellant.**

Nos. 11–10331, 11–10332.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2013.*

Filed March 22, 2013.

Ryan P. Dejoe, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, For Plaintiff–Appellee.

Rene Antonio Felix, R. Antonio Felix, Esq., Tucson, AZ, for Defendant–Appellant.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Jose Francisco Avila–Cota appeals from the district court's judgment and challenges the 57–month sentence imposed following his jury-trial conviction for reentry after deportation, in violation of 8 U.S.C. § 1326, and the 21–month consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Avila–Cota contends the district court procedurally erred by failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors and by failing to explain the sentence imposed. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The district court adequately considered the section 3553(a) sentencing factors and explained the sentence sufficiently to permit appellate review. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc).

Avila–Cota next contends that the district court violated the parsimony principle and imposed a substantively unreasonable sentence by giving too much weight to recidivism. The district court did not abuse its discretion in imposing Avila–Cota's sentences. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Avila–Cota's consecu-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tive sentences are substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Avila–Cota's extensive criminal history. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.